1

2

3

4

5

6

7

8               **IN THE UNITED STATES DISTRICT COURT**

9             **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   KENNETH WAYNE McGRAW,              No. 2:15-cv-1150-GEB-CMK-P

12               Petitioner,

13        vs.                          <u>ORDER</u>

14   JOE A. LIZARRAGA,

15               Respondent.

16   _____/

17          Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has not, however, filed a *complete*

19   application to proceed in forma pauperis, along with a "certification from the warden or other

20   appropriate officer of the place of confinement showing the amount of money or securities that

21   the petitioner has in any account in the institution" as required by Rule 3(a)(2) of the Federal

22   Rules Governing Section 2254 Cases, or paid the required filing fee.  <u>See</u> 28 U.S.C. §§ 1914(a),

23   1915(a).  Petitioner will be provided the opportunity to submit either a completed application to

24   proceed in forma pauperis, with the required certification, or pay the appropriate filing fee.  As to

25   the certification requirement, while a copy of petitioner's prison trust account statement certified

26   by prison officials is not required to satisfy the requirement, such a statement will suffice.

Petitioner is warned that failure to comply with this order may result in the dismissal of this action for lack of prosecution and failure to comply with court rules and orders.  See Local Rule 110.

In addition, pending before the court is petitioner's amended petition (Doc. 1). Rule 2(c) of the Federal Rules Governing Section 2254 Cases requires that every habeas corpus petition must: (1) specify all the grounds for relief; (2) state the facts supporting each ground for relief; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury.  In the instant case, the petition fails to meet one or more of these requirements.  The petition filed in this case only raises a request for equitable tolling based on mental illness.  It appears petitioner is acknowledging this petition is filed beyond the statute of limitations.  However, he fails to specify any grounds for relief, allege any facts supporting the grounds for relief, or request any relief beyond equitable tolling.  Petitioner does not even inform the court what conviction he is challenging.  Simply stated, petitioner does not provide enough information to inform the court or respondent what conviction he is challenging and on what grounds.

Petitioner will be provided an opportunity to file an amended petition which satisfies Rule 2(c).  Petitioner is warned that failure to comply with this order may result in the dismissal of this action.  See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1.      Petitioner shall submit on the form provided by the Clerk of the Court, within 30 days from the date of this order, a complete application for leave to proceed in forma pauperis, *with* the certification required by Rule 3(a)(2), or pay the appropriate filing fee;

2.      Petitioner's petition for writ of habeas corpus (Doc. 1) is dismissed with leave to amend;

3.      Petitioner shall file an amended petition which satisfies Rule 2(c) and states all claims and requests for relief, within 30 days of the date of this order; and

1          5.     The Clerk of the Court is directed to send petitioner a new form

2   Application to Proceed In Forma Pauperis By a Prisoner and the court's form Habeas Corpus

3   Application.

4

5    DATED:  December 3, 2015

6

7                                                    CRAIG M. KELLISON
                                                     UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26