IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WAYNE McGRAW, | No. 2:15-cv-1150-GEB-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION |
| JOE A. LIZARRAGA, | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding with counsel, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss (Doc. 15), petitioner's opposition[1] to the motion (Doc. 17), and respondent's reply (Doc. 18).

**I.    BACKGROUND**

Petitioner is challenging his 1992 conviction out of Placer County. He claims he was not mentally competent to understand his plea, that the prosecution failed to disclose

---

[1] Petitioner's filing is titled and docketed as a motion for sentence reduction. The court construes this filing as the opposition to the motion to dismiss. Similarly, respondent filed an opposition to petitioner's motion, which is construed as a reply brief.

favorable evidence, and he received ineffective assistance of counsel.  He states in his petition that he did not raise these issues with any other court because he did not know it was possible due to his mental incompetence and lack of legal assistance.

## II.     MOTION TO DISMISS

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases.  The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n.12.  The petitioner bears the burden of showing that he has exhausted state remedies.  See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

Respondent brings this motion to dismiss Petitioner's habeas corpus petition as unexhausted and filed beyond the one-year statute of limitations, pursuant to 28 U.S.C. § 2244(d).  Petitioner asserts that he is entitled to equitable tolling.

### A. Exhaustion

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case.  See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003).  Claims may be denied on the merits notwithstanding lack of exhaustion.  See 28 U.S.C. § 2254(b)(2).  "A petitioner may satisfy the exhaustion requirement

in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court. See Castille v. Peoples, 489 U.S. 346 (1989). Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules. See Sweet v. Cupp, 640 F.2d 233 (9th Cir. 1981). Thus, an appeal or petition for post-conviction relief that is denied by the state courts on procedural grounds, where other state remedies are still available, does not exhaust the petitioner's state remedies. See Pitchess v. Davis, 421 U.S. 482, 488 (1979); Sweet, 640 F.2d at 237-89.[2]

In addition to presenting the claim to the state court in a procedurally acceptable manner, exhaustion requires that the petitioner make the federal basis of the claim explicit to the state court by including reference to a specific federal constitutional guarantee. See Gray v. Netherland, 518 U.S. 152, 162-63 (1996); see also Shumway v. Payne, 223 F.3d 982, 998 (9th Cir. 2000). It is not sufficient for the petitioner to argue that the federal nature of the claim is self-evident. See Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d 904 (9th Cir. 2001). Nor is exhaustion satisfied if the state court can only discover the issue by

---

[2] This situation of procedural deficiency is distinguishable from a case presented to the state court using proper procedures but where relief on the merits is precluded for some procedural reason, such as untimeliness or failure to raise the claim on direct appeal. The former represents an exhaustion problem; the latter represents a procedural default problem.

reading a lower court opinion in the case.  See Baldwin v. Reese, 541 U.S. 27, 32 (2004).

In some cases, the district court may permit the filing of a federal habeas petition even though the claims have not yet been exhausted.  See Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005); Bonner v. Carey, 425 F.3d 1145, 1149 n.20. (9th Cir. 2005).  In Pace and Bonner, petitions were pending in the state court at the time of the protective filings which, if denied by the state court as untimely, could have resulted in statute of limitations problems absent the protective filings.  The petitioner in Bonner lost more than 270 days of the 365-day limitations period because of the state court's long delay in ruling that his petition was untimely.  See Bonner, 425 F.3d at 1149.  Because Bonner's state petition was untimely, it could not have been considered "properly filed" for purposes of statutory tolling of the limitations period.  See id. at 1148-49 (citing Pace, 544 U.S. at 413).  In Pace, the Supreme Court states that "[a] prisoner . . . might avoid this predicament . . . by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceeding until state remedies are exhausted."  Pace, 544 U.S. at 416.  "Good cause" for a stay-and-abeyance order could be established by the petitioner's reasonable confusion as to whether his state court petition would be considered untimely.  See Bonner, 425 F.3d at 1149 n.20.

Here, petitioner states in his petition that none of his claims were presented to any other court, state or federal.  However, respondent found that while petitioner did not file a direct appeal, he has filed three state post-conviction petitions for writ of habeas corpus.  All three were filed in the Placer County Superior court.  The first was filed on June 5, 2000, the second on April 5, 2004, and the third on June 13, 2005.  No petition was filed with the California Supreme Court.  Petitioner does not contend that his petition is exhausted.

As petitioner did not file a direct appeal, nor did he file any post-conviction petitions raising these claims with the California Supreme Court, the petition is unexhausted and should be dismissed.

///

4

### B. Statute of Limitations

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year limitations period begins to run the day after certiorari is denied or the Court issued a merits decision. See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001). Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day. See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002). If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day. If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996. See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). To be

"properly filed," the application must be authorized by, and in compliance with, state law. See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed). A state court application for post-conviction relief is "pending"during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered "pending" after the state post-conviction process is concluded. See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending). Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time. See Carey v. Saffold, 536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay. See id. at 226-27.

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review. See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). There is also no tolling for the period between different sets of post-conviction applications. See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

Here, petitioner is challenging a 1992 conviction. As his conviction became final prior to 1996, his one-year statute of limitations began running on April 25, 1996. See Miles, 187 F.3d at 1105. Petitioner then had until April 25, 1997 to file his federal petition for writ of habeas corpus. However, his federal habeas petition was not filed until May 28, 2015. Without

tolling, the petition is untimely.

As for statutory tolling, petitioner did not file his first state habeas petition until 2000, three years after the statute of limitations expired. A state habeas petition filed after the expiration of the statute of limitations cannot toll the limitations period for filing a federal habeas petition. Thus, without equitable tolling, petitioner's federal habeas petition is untimely.

**C. Equitable Tolling**

The Supreme Court has determined the statute of limitations under 28 U.S.C. § 2244(d) is subject to equitable tolling principles. See Holland v. Florida, 560 U.S. 631, 645 (2010). To be entitled to equitable tolling, the petitioner must demonstrate that: (1) he has been diligent in pursuing his rights; and (2) extraordinary circumstances prevented him from filing on time. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). In a case where the petitioner is alleging a mental impairment as the basis for his equitable tolling claim, "the petitioner must meet a two-part test:

> (1) First, a petitioner must show his mental impairment was an 'extraordinary circumstance' beyond his control by demonstrating the impairment was so severe that either
>     (a) petitioner was unable rationally or factually to personally understand the need to timely file, or
>     (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
> (2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance."

Bills v. Clark, 628 F.3d 1092, 1099-1100 (9th Cir. 2010) (*quoting* Holland, 130 S.Ct. at 2562).

Reading petitioner's opposition broadly, he contends that he is entitled to equitable tolling due to a mental impairment. He states that he was found incompetent to stand trial in 1991 and ordered to Atascadero State Hospital. He states he was diagnosed with depression with psychotic and paranoid features, dysthymic disorder, borderline personality disorder, transient psychosis, and schizophrenia. He further states he continues to receive mental illness treatment currently, is a participant of the extended outpatient program, and continues to

receive psychotropic drugs.

Petitioner fails to meet the two-part test for his claim to equitable tolling. First, petitioner fails to address the issue of his mental impairment during the relevant time period. While he states he was found incompetent to stand trial in 1991, clearly something changed and he was determined to be competent as his conviction occurred in 1992. The relevant time period, however, from the time of his conviction in 1992, to the expiration of the statute of limitations in 1997. Other than stating he continues to participate in the extended outpatient program, he fails to address his mental capacity during this time period.

In opposition of petitioner's claim to equitable tolling, respondent has provided the court with information regarding petitioner's mental status. It would appear, as respondent contends, that while petitioner continues to receive mental health treatment, he did not meet the first prong of the test during the entire relevant time period. Indeed, it would appear that contrary to petitioner's contention, he was able to function in general population for a majority of the relevant time period, would attend therapy sessions, and was stable on his medication. There is no indication that petitioner was unable to personally understand the need to timely file or unable personally to prepare a habeas petition and effectuate its filing.

Second, petitioner fails to address the second prong of the test at all, showing due diligence in pursuing the claims to the extent he could understand them. Indeed, petitioner filed his first state habeas petition in 2000. It stands to reason that between 2000 and 2005, petitioner was capable of pursing his claims, but failed to follow through. While that was more than three years after the statute of limitations expired, had petitioner followed through with the pursuit of his claims, he may have been able to show that until 2000 he was incapable and that he acted to the best of his ability. But petitioner then waited over ten additional years to file his federal habeas petition. There is simply nothing before the court that shows petitioner acted with due diligence to the best of his ability.

///

Accordingly, the undersigned finds petitioner's claim is insufficient to meet the standards required to qualify for equitable tolling.

### III. CONCLUSION

The undersigned finds the petitioner's federal habeas petition is unexhausted, was filed beyond the statute of limitations, and petitioner is not entitled to equitable tolling.

Based on the foregoing, the undersigned recommends respondent's motion to dismiss (Doc. 15) be granted and all other pending motions be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 3, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE